UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AXIS SURPLUS INSURANCE COMPANY as subrogee of ICONA GOLDEN INN LLC, | : : : : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : : | Civil Action No. 19-cv-19980 |
| v. | : : | **OPINION** |
| KERRY CAVAZZI and LAURA CAVAZZI | : : : | |
| Defendants. | : | |

This matter comes before the Court on Defendants' Motion to Dismiss Counts II and IV of Plaintiff's Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6), [Dkt. No. 9]. Having considered the parties' submissions, the Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, the Court will grant Defendants' Motion to Dismiss.

I.   Background

Defendants, Kerry Cavazzi and Laura Cavazzi (collectively "Defendants"), were guests at a hotel in Avalon, New Jersey (the "Hotel"), in August 2017. [Dkt. No. 1 ("Compl.") ¶¶ 9-11]. The Hotel is owned and operated by the Icona Golden Inn, LLC ("Icona"). (Id. at ¶9). According to the Complaint, "[d]uring their stay, Kerry Cavazzi hung a towel and/or piece of clothing from a fire sprinkler head inside Defendants' room." (Id. at ¶ 12). The fire sprinkler head released water that caused property damage to the Hotel's common spaces, suites, and other areas. (Id. at ¶ 13). Plaintiff alleges that Icona also sustained a loss of income as a result of the damage. (Id. at ¶ 14).

Plaintiff in this matter is Icona's insurer, Axis Surplus Insurance Company ("Axis" or "Plaintiff"). Icona submitted an insurance claim to Plaintiff for the property damage at issue, and pursuant to the policy in place, Plaintiff made payments to Icona for over $1,500,000. (Id. at ¶¶ 16, 17). On November 8, 2019, Plaintiff filed a Complaint with this Court alleging claims for negligence (Count I and Count III), and violations of Regulations for Maintenance of Hotel and Multiple Dwellings under N.J. Admin. Code § 5:10-1 et. seq. (Counts II and IV). Defendants filed a Motion to Dismiss Counts II and IV of Plaintiff's Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6). [Dkt. No. 9]. That motion has been fully briefed.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).  It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth). Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)."

Twombly, 550 U.S. at 556. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679.

### III.     Analysis

Count II and Count IV of the Complaint allege that Defendants' gross negligence, neglect, and or abuse caused the Hotel's sprinkler activation; and that Defendants are therefore, liable for any damage to the Hotel resulting from their willful act, gross negligence, neglect, or abuse under N.J. Admin. Code § 1:10-1. (Compl. ¶¶ 22-26; 31-36).

The Regulations for Maintenance of Hotel and Multiple Dwelling ("the "Code"), enacted pursuant to the Hotel and Multiple Dwelling Law, N.J.S.A. 55:13A-1-28 (the "Statute"), provide that "[t]he occupant, any member of his family or household, or his guest shall, with respect to the public parts of the premises, be liable if a violation is caused by his own willful act, gross negligence, neglect or abuse." N.J. Admin. Code § 5:10-5.1(b). The Code defines "Occupant" as:

> any person or persons, including guests, in actual physical possession or occupancy of a unit of dwelling space on a regular basis. For purposes of assigning specific duties or responsibilities, the term "occupant", unless the text indicates otherwise, shall mean the tenant, lessee, head of the family or household, or other adult person or emancipated minor assuming basic responsibility for the continued renting or occupancy of the dwelling space.

Id. at § 5:10-2.2.

Defendants move to dismiss Plaintiff's claims brought under the Code on the grounds that N.J. Admin. Code § 5:10-1 et. seq, does not explicitly create a private right of action; and does not contain an implied private right of action. [Dkt. No. 9]. The Court agrees.

4

First, there is no explicit private right of action under the Code, which Plaintiff concedes. Therefore, the issue before the Court is whether there is an implied right of action. See Am. Tel. & Tel. Co. v. M/V Cape Fear, 967 F.2d 864, 866 (3d Cir. 1992). In arguing there is an implied private right of action, Plaintiff cites to Calco Hotel Mgmt. Grp., Inc. v. Gike. The Calco court, however, specifically declined to decide whether the maintenance of hotels regulations provide any private right of cause of action. 22 A.3d 60, 68 (N.J. Super. App. Div. 2011).

In Calco, hotel owners brought suit against one of its renters under the administrative regulations relating to the maintenance of hotels, for damage caused by that renter's guest, Wood—the occupant of the rented room. Id. at 62-53. The appeals court explicitly noted that the defendant did not raise the issue of whether there was private cause of action under the regulations until her motion for reconsideration of the trial court's grant of summary judgment. Id. at 67. The narrow issue before the court on appeal was whether defendant was an occupant under the regulations, considering she was not physically staying in the hotel. While they held defendant was an "occupant," the court was not convinced that such a finding "under the regulatory scheme in itself mandates" a finding that Defendant was liable for compensatory damages. Id. at 67.[1]

> To determine if a statute confers an implied private right of action, courts consider whether: (1) plaintiff is a member of the class for whose special benefit the statute was enacted; (2) there is any evidence that the Legislature intended to create a private right of action under the statute; and (3) it is consistent with the underlying purpose of the legislative scheme to infer the existence of such a remedy.

---

[1] Plaintiff also cites to Franklin Mutual Insurance Company v. K.N., 2018 WL 564416 (N.J. Super. Ct. App. Div. Jan. 26, 2018) in asserting that a private cause of action exists to establish civil liability. This case, like Calco, fails to discuss the particular issue. The case is, therefore, inapposite.

5

R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co., 773 A.2d 1132, 1143 (N.J. 2001). "The Court considers the same factors to determine if an administrative regulation confers an implied private right of action." N.J. Thoroughbred Horsemen's Ass'n v. Alpen House U.L.C., 942 F. Supp. 2d 497, 504 (D.N.J. 2013) (citing Jalowiecki v. Leuc, 440 A.2d 21, 25–26 (N.J. Super. Ct. App. Div. 1981)). In Cort v. Ash, the Supreme Court of the United States set forth a fourth inquiry: "is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?" 422 U.S. 66, 78 (1975). The "first two criteria, [however] are critical. If they do not point toward a private right, the remaining two 'cannot by themselves be a basis for implying a right of action.'" Am. Tel. & Tel. Co. v. M/V Cape Fear, 967 F.2d 864, 866 (3d Cir. 1992) (quoting Touche Ross & Co. v. Redington, 442 U.S. 560, 580 (1979) (Brennan, J., concurring)). The first two criteria are not met in this case.

> Turning to language of the Code, its purpose is:
>
> to provide reasonable minimum requirements and standards, based upon scientific and engineering knowledge, experience and techniques, and the utilization of modern machinery, equipment, materials, and forms and methods of maintenance for the regulation of the maintenance of hotels and multiple dwellings in the State of New Jersey <u>in the interest of public safety, health and welfare, as well as to provide effective administrative structures for enforcement.</u>

N.J. Admin. Code § 5:10-1.2 (emphasis added). This language strongly suggests that the regulations were enacted to benefit the public as a whole. It does not suggest, as Plaintiff argues, that they were enacted to protect and confer a special benefit on hotel owners; and therefore, Plaintiff—as subrogee of a hotel owner. The New Jersey Superior Court has explained that these "regulations are designed to impose <u>duties and responsibilities</u>

6

on owners and occupants to ensure particularized building and fire safety codes relating to multiple dwellings and hotels are followed." Calco, 22 A.3d at 66 (emphasis added).

There is no evidence that the Legislative intent was to create a private right of action. The Code establishes that "the Bureau of Housing Inspection or local enforcing agency shall administer and enforce these rules. . . . [and] [e]ach municipality and county of the State may be authorized by the Commissioner to enforce the provisions." N.J. Admin. Code § 5:10-1.3. Enforcement of the Code involves inspections, reports, and citations for violations. When a violation of the Code occurs, the regulations sets forth certain civil penalties to be enforced. "New Jersey courts have generally declined to infer a private right of action in statutes where the statutory scheme contains civil penalty provisions." R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co., 773 A.2d 1132, 1144 (N.J. 2001).

Furthermore, it would be inconsistent with the underlying purpose of the legislative scheme to infer a private right of action. Here, the Code provides for broad enforcement power under its regulatory scheme. In fact, the Bureau or a local enforcing agency has discretion in enforcing any maintenance requirement "if it determines that the violation of such requirement in such case, if allowed to continue, would not jeopardize the health, safety or welfare of occupants or intended occupants or of the public generally." N.J. Admin. Code § 5:10-1.2. Civil litigation would not be as effective in promoting the protection of the safety, health, and welfare of the public as the Code's administrative structures intended. See Jalowiecki, 440 A.2d at 27 (finding the Act at issue provided broad remedies and enforcement procedures and "[a]lthough a private action might help to deter violations . . . such protracted civil litigation could not

7

possibly be as effective in promoting environmental protection as the summary proceedings available to the Department" under the act).

Accordingly, the Court finds no implied right to a private cause of action under the Regulations for Maintenance of Hotel and Multiple Dwelling; and therefore, the Court will grant Defendants' Motion to Dismiss Count II and IV of the Complaint alleging claims for violations of such regulations.

## IV.   Conclusion

For the forgoing reasons, Defendants' Motion to Dismiss Counts II and IV [Dkt. No. 9] will be granted.

An appropriate Order shall issue.

Dated: June 15, 2020

                              /s/ Joseph H. Rodriguez
                             Hon. Joseph H. Rodriguez,
                             UNITED STATES DISTRICT JUDGE